UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| C.A., an individual; and C.B., an individual,<br><br>*Plaintiffs*,<br><br>v.<br><br>COOPERSURGICAL, INC.,<br><br>*Defendant*. | Civil Action No. 3:25-cv-00995-SVN<br><br><br><br><br><br><br><br>August 6, 2025 |

**PLAINTIFFS' UNOPPOSED MOTION TO MAINTAIN ACTION UNDER PSEUDONYMS**

In response to the Court's Order dated July 23, 2025 (Dkt. No. 25), Plaintiffs C.A. and C.B. ("Plaintiffs") respectfully move to maintain this action under pseudonyms. Plaintiffs limit their motion to proceed pseudonymously for pretrial purposes—not during jury selection and trial—and reserve the ability to seek such trial-related relief before the trial date.

Plaintiffs have conferred with counsel for Defendant CooperSurgical, Inc. ("Defendant" or "CooperSurgical"), who confirmed Defendant does not oppose this motion.[*]

### I. BRIEF FACTUAL BACKGROUND

As detailed in their Complaint (Dkt. No. 1), Plaintiffs are a couple who underwent in vitro fertilization ("IVF") and have been irreparably harmed in their fertility journey due to Defendant's conduct.

Seeking fertility treatment for any reason, usually due to an inability to conceive naturally, is a very personal and private matter. Should Plaintiffs be forced to use their true

---

[*] Per Defendant's request, Plaintiffs confidentially provided their true names and county of residence to Defendant.

1

names, a quick Google search, let alone more comprehensive background searches, would reveal to the public that they could not conceive without assistance. It also could disclose other sensitive medical information, such as a prior hysterectomy, low sperm count, and an inability to have intercourse. Plaintiffs' neighbors, coworkers, and other acquaintances with whom Plaintiffs have not shared such intimate details would become privy to these very private aspects of Plaintiffs' lives.

Defendant will not be prejudiced by Plaintiffs proceeding under pseudonyms. At Defendant's request, Plaintiffs already have provided their true names confidentially to defense counsel. Declaration of Adam B. Wolf ("Wolf Dec.") ¶ 2. Moreover, almost all of the other plaintiffs who have filed similar claims against Defendant are litigating their claims pseudonymously. Wolf Dec. ¶ 3.

## II. PLAINTIFFS SHOULD BE PERMITTED TO PROSECUTE THIS ACTION UNDER PSEUDONYMS

In adjudicating a motion to proceed pseudonymously, "district courts must balance a plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to proceed under a pseudonym." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 186-87 (2d Cir. 2008). Here, where the nature of Plaintiffs' allegations concern some of their most private and sensitive information, and where Defendants would not be prejudiced by Plaintiffs' proceeding with pseudonyms, the motion should be granted.

In *Sealed Plaintiff*, the Second Circuit outlined a non-exhaustive list of factors to consider when deciding whether a party can proceed under a pseudonym:

> (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties"; (3) "whether identification

2

> presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . ., particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented ..., there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id*. at 190 (internal quotation marks and citations omitted) (alterations adopted). These factors weigh in favor of permitting Plaintiffs to proceed pseudonymously.

First, the Plaintiff-specific issues in this case are of a highly sensitive and personal nature. It will involve why Plaintiffs needed to seek fertility treatments, including, among many other sensitive matters, whether they could have intercourse, whether one of the plaintiffs had a hysterectomy, whether one of the plaintiffs has low sperm count or low motility, and whether either plaintiff has had cancer or another serious medical condition that can complicate a fertility journey. Indeed, forcing Plaintiffs to use their real names would immediately reveal that Plaintiff C.A. had severe health problems following her egg retrieval procedure, including ovarian hyperstimulation syndrome and a long hospitalization. Complaint (Dkt. No. 1) ¶ 56.

Notably, courts throughout the country have recognized the ability to use pseudonyms in cases involving such sensitive subject matter. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113 (1973). The judiciary has routinely recognized that a person's fertility journey and the decision to undergo IVF are paradigmatic examples of such highly personal and sensitive matters. *See*, *e.g.*, *Doe v. Conceptions Reproductive Assocs., Inc*., Case No. 25-cv-00009-NYW-CYC, 2025 WL 1617189 at *3 (D. Colo. May 6, 2025) (granting motion to proceed pseudonymously because the case involved private information of plaintiff's fertility treatment and reproductive health); *E.M. v.*

*Shady Grove Reproductive Sci. Ctr., P.C.*, Case No. 24-956 (RC), 2025 WL 947515 at *1 n.1 (D. D.C. March 28, 2025) (permitting plaintiff in case against fertility clinic for mishandling of plaintiff's eggs "to proceed under pseudonym because this lawsuit involves highly sensitive medical information concerning both [plaintiffs]").

Similarly for the second and third factors, Plaintiffs and third parties could face retaliation and further emotional hardship if they are forced to reveal publicly their names in this litigation. In addition to the hardships of publicly associating one's name with the sensitive matters discussed above, Plaintiffs and third parties fear retribution and physical harm if their names are divulged publicly. Assisted reproductive technology, while far more common than in decades past, is still a very controversial topic among certain groups that oppose the practice on religious and moral grounds. In our current hyper-political environment, it is sadly easy to imagine protests and physical harm that could target Plaintiffs, an egg donor, or a gestational surrogate.

While the fourth and fifth factors (age and claims against the government) are not applicable here, the lack of prejudice to Defendant (the sixth factor) is clear. Plaintiffs already have disclosed confidentially to Defendant their true names. Not only has Defendant confirmed it does not oppose Plaintiffs' motion, but CooperSurgical has agreed to plaintiffs proceeding under pseudonyms in similar litigation throughout the country. Wolf Dec. ¶¶ 2-3.

Turning to the seventh, eighth, and ninth factors, Plaintiffs' identities have remained confidential. Plaintiffs in this case have not made any public statements, and they will refrain from doing so as to keep their names private. Further, while this case is important, it is not the type of matter where publicly knowing the identities of the plaintiffs is necessary or warranted.

Lastly, Plaintiffs' counsel is unaware of any other reasonable measure to protect Plaintiffs' confidentiality. The undersigned out-of-state counsel focus their work on representing victims of fertility-treatment misconduct. Wolf Decl. ¶ 4. Their clients around the country routinely proceed pseudonymously. Plaintiffs' counsel have represented more than one thousand such clients—virtually all of whom have been permitted to proceed pseudonymously. The main exception to proceeding pseudonymously is when the plaintiffs themselves intentionally sacrificed confidentiality in order to make public statements. Wolf Dec. ¶ 4.

Here, Plaintiffs have not made any public statements about Defendant or their claims. Wolf Dec. ¶ 5. Under standard practice throughout the country, as well as the *Sealed Plaintiff* factors, Plaintiffs respectfully request that they be allowed to proceed with pseudonyms during pretrial proceedings in this action.

### III.     CONCLUSION

As set forth above, Plaintiffs respectfully request to proceed under pseudonyms during pretrial proceedings.

DATED: August 6, 2025					PEIFFER WOLF CARR KANE CONWAY & WISE, LLP

By: */s/ Adam B. Wolf*
 Adam B. Wolf (phv0617)
 Melisa A. Rosadini-Knott (phv208776)
 3435 Wilshire Boulevard, Suite 1400
 Los Angeles, CA 90010
 Telephone: (415) 766-3545
 Email: awolf@peifferwolf.com
 mrosadini@peifferwolf.com

 HURWITZ SAGARIN SLOSSBERG & KNUFF, LLC

 David Slossberg (ct409595)
 Julie V. Pinette (ct30573)
 135 Broad Street
 Milford, CT 06460
 Telephone: (203) 877-8000
 Email: DSlossberg@hssklaw.com
 ENolan@hssklaw.com

 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on August 6, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

*/s/ Adam B. Wolf*
Adam B. Wolf